UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KULWINDER SEKHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01092 ERW |
| ) | |
| MICHAEL CHERTOFF, *et. al.,* ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

The matter comes before the Court on Defendants' Motion to Remand [doc. # 9]. Plaintiff filed his application for United States citizenship on February 11, 2004. He claims that a decision on his application could not be made until the Federal Bureau of Investigation concludes its background check. On July 18, 2006, he filed his petition for hearing on naturalization application under 8 U.S.C. § 1447(b) and 1421(c). Defendants' Motion for Remand followed.

## ANALYSIS

Defendants argue that while this Court has jurisdiction to hear the case, it is not obligated to do so, and that this Court is in no better position to compel the completion of the required background investigation than USCIS. The Plaintiff agrees that this Court has jurisdiction, but argues that remanding the case to USCIS would be contrary to the statutory provision providing this Court with jurisdiction, as it would do nothing to expedite the completion of the application.

Following an applicant's filing of a Form N-400, the USCIS is required to conduct a background investigation, including a review of all pertinent immigration and police records. Pursuant to 8 U.S.C. § 1446(a)

before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General[1], shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization.

8 U.S.C. § 1446(a). The background check that is required by the statute, is further detailed in the code of federal regulations. "The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed. . .for at least five years immediately preceding the filing of the application." 8 C.F.R. § 335.1. The background check which is required by the statute has not been completed in the pending case.

First this Court addresses whether it has jurisdiction to hear this matter. Congress has expressly limited the jurisdiction of district courts in the naturalization process, and has granted the sole authority to naturalize individuals upon the Attorney General. 8 U.S.C. § 1421(a). However, an exception exists that provides this Court with jurisdiction. 8 U.S.C. § 1447(b). § 1447(b) states that

> [i]f there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the mater.

8 U.S.C. § 1447(b); *see also* 8 C.F.R. 335.3.

---

[1] The term attorney general, is to be read as referring to the Secretary of Homeland Security, following the passage of the Homeland Security Act of 2002. Pub. Law 107-296, 2002 HR 5005.

It is undisputed that Plaintiff passed the examinations on English Language and American History and Government. At a time when individuals come to this country with intentions to enter lawfully, it is regrettable that what will likely be an eventual perfunctory order allowing Plaintiff's application process to go forward, must be delayed, especially, as in this case, for such a protracted period of time. The Government argues in its brief, "[a]n equitable solution to the processing delays affecting all applicants for immigration benefits lies not with the judicial branch, but with the executive and legislative branches of government, for only those branches can properly address the budget and staffing issues that have caused the delays to occur." While causes for delays affecting all applicants for immigration benefits may lie the executive and legislative branch, fortunately, at a time when legal immigration is encouraged, the judicial branch has the authority to offer relief, in a case like this, where the delay is unconscionable. Surely, that is why Congress created this path for relief. As the Government candidly recognizes in its brief, "[w]hile an applicant to a naturalization process must generally exhaust administrative remedies before seeking judicial review, a narrow exception to this rule exists under 8 U.S.C. § 1447(b). If the USCIS fails to render a decision within 120 days after the date on which the examination is conducted under § 1446, the applicant may seek immediate judicial review. 8 U.S.C. § 1447(b). Pursuant to § 1447(b), the district court 'may either determine the matter or remand the matter, with appropriate instructions, to USCIS to determine the matter.' *Id.* Based upon the plain language of the statute, the district court is *not required* to entertain the naturalization issue, but has discretion to *either* decide it or remand it. *Id.*"

This Court has ruled in the Government's favor in a similar case. *See Haider Al-Ashwan v. Chertoff,* 4:06CV01303 E.D. Mo.) The waiting period for Plaintiff is longer than in the *Haider Al-Ashwan* case, and background facts are in some respects dissimilar. The similarity, most

troubling, is that in the system, apparent qualified individuals want to be citizens of this country so much that they are willing to file suit at great expense to accomplish what should never require such unintended hardship. Requiring eager citizen applicants to put their lives on hold because of the inability of the Government to execute its lawful role defeats the purpose of encouraging lawful immigration. Failure to exercise lawful judicial discretion to address the delayed relief lawfully sought can be an abuse of discretion. The Court will deny the Government's Motion for Remand.

**ACCORDINGLY,** Government's Motion to Remand [doc. #9] is **DENIED**. A status conference in the case is scheduled for **August 16, 2007**, at **11:00 a.m.** Respective counsel may participate in this conference by telephone by notifying chambers of their desire to do so within twenty-four (24) hours of said conference.

So Ordered this 9th Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE